**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE:                                    )    Chapter 11
                                          )
TRANS WORLD AIRLINES, INC.,               )    Case No. 01-56 (PJW)
et al.,                                   )
                                          )    (Jointly Administered)
                Debtors.                  )
                                          )

## O R D E R

AND NOW, this **22nd** day of **NOVEMBER, 2005**, upon consideration

of the Request to Enter Judgment by Default of Creditor, the

Request for Judicial Notice of Criminal Investigation - Grand

Jury Procedures, and the Affidavit of Facts Constituting the

[Unpaid] Claims, Default, and [Unpaid] Amounts Due filed by

Herbert McMillian and the Response of the TWA Post Confirmation

Estate thereto, and after hearing argument by the parties on

November 18, 2005, it is hereby

**FOUND** that relief from the stay was previously granted to

Mr. McMillian by Order dated August 24, 2001, a copy of which is

attached hereto, to pursue his disability claims to the extent of

insurance in a proceeding pending before the Social Security

Administration; and it is further

**FOUND** that Mr. McMillian has continued to file pleadings in

this case related to his personal injury notwithstanding the

grant of relief from the stay; and it is further

**FOUND** that all the relief requested by Mr. McMillian in the

above-named pleadings relates to personal injuries he suffered

while an employee of TWA or to criminal proceedings he wishes to commence; and it is further

**CONCLUDED** that this Court does not have jurisdiction over the disability claims of Mr. McMillian or the allegations of criminal misconduct he has made as a result of 28 U.S.C. § 157; now therefore it is hereby

**ORDERED** that the requests of Mr. McMillian are denied for lack of jurisdiction; and it is further

**ORDERED** that Mr. McMillian is hereby barred from filing any further pleadings in this Court relating to his disability claim or any criminal complaints; and it is further

**ORDERED** that the TWA Post Confirmation Estate need not respond to any further pleadings that may be filed by Mr. McMillian in this case unless expressly ordered to do so by the Court.

BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge

cc:   Herbert McMillian
      James E. O'Neill, Esquire

### TRANSMITTAL SHEET FOR APPEAL SUBMITTED TO U.S. DISTRICT COURT

**Related Bankruptcy Case #:** 04-13536

**Deputy Clerk Transferring Case:** Anissa L. Cothran

**Case Type:** Main Bankruptcy Case

**Cause of Appeal:**

Order Entered on 11/22/2005  Denying The Request To Enter Judgment By Default Of Creditor, The Request For Judicial Notice Of Criminal Investigation - Grand Jury Procedures, And The Affidavit Of Facts Constituting The [Unpaid] Claims, Default, and [Unpaid] Amounts And Barring Mr. McMillian From Filing Any Further Pleadings In This Court Relating To His Disability Claim Or Any Criminal Complaints. **\*Appeal Fee Not Received.  Designations Of Record on Appeal Not Received\***

**Parties:   Herbert McMillian, Pro Se  v.  Trans World Airlines, Inc.**

**Appellant Counsel:**        **Herbert McMillian, Pro Se**

179-17 Anderson Road

St. Albans, NY 11434

(718) 723-4693

**Appellee Counsel:**        **James  E. O'Neill**
Pachulski, Stang, Ziehl, Young & Jones
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

FILED

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE** 2005 DEC 20  PM 3: 14

In re:TRANS WORLD AIRLINES ESTATES,et al.,
**Debtors**

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

In a SSA **disability** claims,benefits, ERISA Act of )   Chapter   11
**Herbert McMillian**, SS: Claim # ▓▓▓▓8692
              **Creditor's / Appellant**     Case No.01-56 (PJW)
-against-                                     (Jointly Administered)

**Trans World Airlines, et al.,**NYS Tax Id# 526-976   U.S.District Court /DE
**Hartford Insurance Group.** Case# 302FC24899       Case# cv. No.02-10(GMS).
**American Airlines,et al,.**  -Third-Parties In       **"Jury Action"**
Interest, **Multi-** defaulting
              **Debtors /Appellee(s)**            "CLASS ACTION"

_____ )

**NOTICE OF APPEAL**
**FOR REMOVAL AND ACCOMPANYING AFFIDAVIT'S**
(Pursuant to Bkrtcy P 8001 & 9027 & 28 USC~1915 & 24(c).

   NOTICE is hereby given that ,**Herbert McMillian** an as Creditor's /
"Appellant" **appeals** as of rights - when taken and with accompanying
**affidavit to modify stay** and **to prosecute appeal without prepayment
of fees and costs**; _"of Pending Review of Disability Claims  In Benefits
In Worker'Compensation Suit"_ by **removal** to Jurisdiction U.S.Court of
Appeals in Second Circuit SDNY. from a **constitutional questions** of fact
or law in common; whether prejudicial Order's entered in the above Court
on November 22, 2005. of Docket No.5616; was made in violation of lawful
procedures,by the judge's in violations of Canons Law Judicial Ethics **2 & 3**
and abusive of discretion provision of judicial code is required by 28 USC~
144 / 455 & F.R.civ.P 63.

**Dated:** December **16** , 2005

*Herbert McMillian*

**Herbert McMillian** , *Pro Se*      **Pachulski**, *et al*,.
for Appellant                         Counsels for TWA,et al,. Appellees'
179-17 Anderson Road                  919 North Market Street
St. Albans , NY  11434                Wilmington, DE. 19899
(718) 723-4693                              and
                                      **Hartford Insurance Group** ,.
                                      Counsel for Insurer, TWA, *et al*,.
                                      690 Asylum Ave.
                                      Hartford ,CT  06115

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

In re:TRANS WORLD AIRLINES ESTATES, et al.,
                     Debtors

| | |
|---|---|
| In a SSA **disability** claims, benefits, ERISA act of )<br>Herbert McMillian, SS: Claim # ▇▇▇▇8692<br>               **Creditor's / Appellant**<br>-against- | Chapter    11<br><br>Case No.01-56(PJW)<br>(Jointly Administered) |
| **Trans World Airlines, et al.**;NYS Tax Id# 525-976<br>**Hartford Insurance Group.** Case# 302FC24899<br>**American Airlines,et,al,.-Third-multi** - Joinder<br>Parties In Interest ,defaulting<br>              **Debtors'/ Appellee(s)** | U.S.District Court / DE<br>Case# cv. No. 02-10(GMS).<br>**"Jury Demands"**<br><br>"CLASS ACTION" |

### AFFIDAVIT IN SUPPORT  FOR
### LEAVE TO PROSECUTE APPEAL
### AND / OR REMOVAL
### WITHOUT PREPAYMENT OF FEES & COSTS
(Pursuant to 28 USC 1915(a)1 / *2403* & F.R.civ.P 24).

State of New York )
County of Queens ) ss.:

    **Herbert McMillian,** / in the aboved-entitled proceeding's; in support of my request for leave to prosecute **appeal** without prepayment of fees or costs under 28 USC~ 1915 and related 28 USC~ 2403 and Fed.R.civ.P 24, I declare that I am unable to pay the costs of these proceedings and that I  am entitled to the relief sought from this Court "previously" Order Modifying  the Automatic Stay to certain claims, include ERISA claims *of Pending Review of Disability Claims In Benefits Suits In Worker's Compensation*; by removing to the Jurisdiction U.S. Court of Appeals  for the Second Circuit (SDNY) ,Relief from Automatic STAY (11 USC ~ 362 (a) and references: 4001 & 7062 &  **8005** see; Exhibit (A) (B).

In support of this application, I answer the following questions under penalty of perjury:

1. Are You currently employed?   NO

2. In the past 12 twelve months have you received any money from any of the following sources of income? YES is Social Security Administration check;
(a). The amount of income I receive each month is $782.00.

If the answer to any of the aboved is "YES" describe each source of money and state the amount received *AND* what you expect you will continue to receive.The Social Security benefits increase monthly amount is $819.00 as Jan. 18, 2006.

**3.** Do You have any cash or checking or savings accounts? YES of direct deposit of the Social Security Administration, net amount in paragraph 2.

**4.** Do you have any real estate,stocks,bonds,securities,other financial instruments,automobiles or other valuable property or assets.? NONE.

**5.** List the persons A████ M███████ (daughter) who are dependent on you for support, state your relationship (father) and indicate how much you contribute $500.00 (plus to their support, by Social Security Act.

II.    THEREAFTER ground for relief;    (under F.R.civ.P.60(b)3).

**6.** I , Appellant **objection** and **rejection** all Papers as following;
    **(i)** appearing attorney of record James O' Neill for debtors knew and willful perjuring himself by filing falsify *flagrant* papers **(ii)** making falsely written inconsistent statements **(iii)** making an apparently sworn falsely statements **(iv)** knowing disregard of bankruptcy laws or rules;under 18 U.S.C.~ 156 or 157 or 154 and related joined violations and offenses. of all parts of the dockets papers filed **at;** Omnibus Hearing 11-18-2005.

**7.** I, appellant *again* respectfully request that the Chief Bankruptcy Judge (MFW) **recusal** herself, due to **constitutional questions** of prejudicial, abusive of discretion; **order** of Docket No.5616 entered in above Court, clerk office.

**8.** It appears *again* that a bankruptcy judge's conspicuously has acted as counsel to the appearing attorney (JEO'N) for debtor's TWA, with respect to some of the **?** legal matter before the above Court at the Hearing's.

**9.** It further appears from inception of **Index Record** that no other debtor's or insurer ,3rd-party, have appear,answer or testify at any omnibus hearings.

**10.** It further appears that no debtors or insurer or third-party or their attorney's have not answer,by affidavit's as required by law to creditor following, current **index** duty filed with declaration of services; Docket No.5601 and Docket No.5624. and time for each defaulting "*absent* debtors,insurer, attorney's" to appear, answer or plead or proceed at hearings has expired by law; Including **See;**"attach copy of a duty **Notice of Entry of questions Order's**

III.    THEREFORE ; Relief From Automatic STAY ( 11 USC~362 et seq.).
                                *AND*
**11. Amendment Judgment by Default and Removal to Remand**

**Relating to show Jurisdiction ( 28-USC~1653) & Bkrtcy P.9027).**
I am unable to pay the costs, fees and expenses necessary to assert my
rights to **"Jury Trial" Preserved When Legal and Equitable Claims or
Issues Both Present** include ERISA by seventh amendment. In a "**jury
action**" on Bonds governing provisions of F.R.civ.P *(3)*. .**38** or *(43)*. 49

**IV.**                          PRAYER

**JUDGMENT** by Default as a Matter Law in a **Jury** Trial of Rights
under provisions of FRciv.P  50(b); 52(b); 59(b) (d) (e) . 60(b). That upon
**removal** in a Personal Injury *of Pending Review of Impairment Disability
Claims In Retired Employee Benefits plan and ERISA , Worker's Com-
pensations suit* pursuant to Bkruptcy P.Rule 9027 as set forth below:

(i). an Order to proper jurisdiction Court's be Granted permitting appellant
leave to appeal to modify STAY and to prosecute appeal and directing that
appellant be furnished a complete copy of the stenographic transcript of the
aboved entitled  **"Jury Action"** Itemized Verdict; "as to *past and future*
of liability" ; as to *past and future* "each elements of damages " without
prepayment of fees and costs.

(ii) that the proper jurisdiction Court 's shall notify the U.S. Attorney General as
constitutionality right to intervene to prosecute provided in Title 28 USC~2403
and 29 USC~ 1131 Criminal penalties and 1132 Civil enforcement of ERISA.

(iii). that each debtors or insurance carrier, third-parties in interest are directed
to offer and to guarantee the purchase and payment of an security BOND of an
annunity contract with the present value of pro-ra-ta amending underlying an
increase in the ad damnum clause sum of $25,000.000.00 (millions dollars) as
directed above, Wherein appears by default of the each joined  "absent debtor-
appellee's or insurer, third-parties", the Court's shall render Judgment by
Default for the creditor's -appellant ( "McMillian" )for such as due, If the sum is
uncertain, It shall upon request of creditor- appellant ,be assessed by a JURY
verdicts. *as to past & future liability, as to past & future damages;* ( 28 USC -
1874) and Bkrtcy P.7062 and 7064 and R-9027 (a) (2)et.al.

I , declare under penalty of perjury that the above and foregoing information
is true and correct.

**Enclosure**; *attach ;* Serving & Filing inter-alia papers; by F.R.civ.P. 5 et seq.

Sworn  to before me on
day of December ,2005              By *Herbert Mc Millian*
SWORN TO (OR AFFIRMED) BEFORE ME ON
         12/19/05                   **Herbert McMillian** , Pro Se
**STATE OF** New York               Creditor/Appellant
**COUNTY OF** Queens                179-17 Anderson Road
     Danielle M.                    St. Albans, NY 11434
     DANIELLE M. GIOVINCO
  NOTARY PUBLIC, State of New York
        No. 04GI6082394
    Qualified in Queens County
  Commission Expires October 26, 20__

(718) 723-4693

Hon:David Bird ,Chief Clerk     **See;** Bkrtcy P. 8001 and <u>8002</u>.
United States Bankruptcy Court
District of Delaware
By:_____
Docket, Deputy Clerk

Hon: Mary F. Walrath  ,Judge    as material witness **see;** F.R.civ.P 63 or
Hon: Peter J. Walsh  ,Judge    as material witness 28 USC 144, **455**

Appearing Atty, James E.O'Neill, Appellee  as Incompetent witness.
                F.R.civ. P 11(c) & 37(b) (c) (60(b)3).

United States.Attorney General    to Intervene , **see;** Fed.R.civ.P.24(c).
1007 Orange Street    Suite 700    (28 USC~ 2403) & 29 USC-1131; 1132
Wilmington , DE. 19899-2046

United States Trustee Office    to enforcement , **see;** 11 USC 1114(a) (e).
844 King Street  Room 2313               Fed.R.civ.P. 17(a).
Wilmington, DE.  19899                Bkrtcy P.9027(a)(2).

**TO:** Counsel's for debtors / appellees ,"body or officer" and **see;** TWA
"services list" on filed **and** its Insurance carriers and third- parties.

*Via:Certified Mail- Receipt*      *Via:Certified Mail-Receipt*
Trans World Airlines Inc.et al,.     Hartford Insurance Group,et al,.
Michael J.Lichty, Esq. CEO      Ramani Ayer, CEO
Pachulski,Stang,Ziehl,Young,    Attorney's-in- facts
Jones,Weintraub, O'Neill.       690-Asylum Ave.
919 North Market Street        Hartford, CT 06115
Wilmington, DE 19899-8705     **Attn:IPD /Retirement Plan Solutions**
American Airlines,Inc.et al.
*other* **see;** **(**TWA Service Lists**)**

* **In re:** Commencement of Action Procedure (3)and Serving & Filing Pleadings,Papers (5).
    General Rules of Pleading (8) and Form of Pleading (10) by F.R.civ.P..
    Lien enforcement; Absent Defendants / Debtors ( 28 USC~1655)
    Writs. ( 28 USC~ 1651(b)
    Bond or Attachment or Sequestration; Securties ( 28-USC~1874 & <u>1450</u>.

In The United States Bankruptcy Court
For The District of Delaware

### DECLARATION OF SERVICE (Pursuant, 28 U.S.C. 1746).

I , Herbert McMillian , pro se for Creditor , declare under penalties of perjury
for the undersigned in this entitled triable **"jury"** action he cause one (1) true
copy of original each paper's **(1) Notice of Appeal for Removal and
Accompanying Affidavit  (2) Affidavit in Support for Leave to Prosecute and
Appeal and / or Removal Without Prepayment of Fees & Costs  and  (3)
Notice of Entry of  questions Order, (iv) 2 Exhibits (A) (B).**
to be served on the following **via:** U.S. Mailing Services
on              day December  2005 with postages fully prepaid to:

**Notice:** to *inter-alia plan administrator,debtor / estates / attorneys / obligor insurer*

**Trans World Airlines Inc. et al,.**
Michael J. Lichty Esq. CEO
Attorney's of Record: at;
Pachulski,Stang,Ziehl,Young
Jones ,Weintraub, PC
919 North Market Street
Wilimington , DE 19899
American Airlines,Inc.

**Hartford Insurance Group Inc.**
Ramani Ayer, CEO
Attorney's of Record: at;
690 Asylum Ave.
Hartford ,CT 06115
Attn: IPD/Retirement Plan Solutions
For TWA

Re:*TWA SERVICE LIST / November 18 , 2005 Hearing  @ 2:00 P.M.*
*Joinder's Name & Address of Third,Unknown, Parties In Interest.*

I , swear under penalty of perjury, under the laws of the United States
that the foregoing is true and correct in this declaration are true.
in this entitled triable **"jury"** action he cause one (1) Original true paper(s);
as the same type above to be **filed and entered   Via:Personally Services**
at: CLERK' S  OFFICE   and *Attn*: Judge (PJW) and Judge (MFW)
United States Bankruptcy Court / District of Delaware / 824 Market Street
Wilmington , Delaware  19899.

**and CC:** to be sent by Clerk Office.
U.S.Trustee's Office
U.S. Attorney General Office

**EXECUTED:** on
December          ,2005
Dated    SWORN TO (OR AFFIRMED) BEFORE ME ON
:
12/19/05
STATE OF New York
COUNTY OF  Queens

DANIELLE M. GIOVINCO
NOTARY PUBLIC, State of New York
No. 04GI6082394
Qualified in Queens County
Commission Expires October 26, 20 06

By:   Herbert McMillian ,
Pro Se for Creditor
179-17 Anderson Road
St. Albans , NY 11434
(718) 723-4693





UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                              )    Chapter 11
                                    )
TRANS WORLD AIRLINES, INC.,         )    Case No. 01-56 (PJW)
et al.,                             )
                                    )    (Jointly Administered)
              Debtors.              )
                                    )

ORDER

AND NOW, this **22nd** day of **NOVEMBER, 2005**, upon consideration

of the Request to Enter Judgment by Default of Creditor, the

Request for Judicial Notice of Criminal Investigation - Grand

Jury Procedures, and the Affidavit of Facts Constituting the

[Unpaid] Claims, Default, and [Unpaid] Amounts Due filed by

Herbert McMillian and the Response of the TWA Post Confirmation

Estate thereto, and after hearing argument by the parties on

November 18, 2005, it is hereby

**FOUND** that relief from the stay was previously granted to

Mr. McMillian by Order dated August 24, 2001, a copy of which is

attached hereto, to pursue his disability claims to the extent of

insurance in a proceeding pending before the Social Security

Administration; and it is further

**FOUND** that Mr. McMillian has continued to file pleadings in

this case related to his personal injury notwithstanding the

grant of relief from the stay; and it is further

**FOUND** that all the relief requested by Mr. McMillian in the

above-named pleadings relates to personal injuries he suffered

Date 1/22/05

Docket # 5616

while an employee of TWA or to criminal proceedings he wishes to commence; and it is further

CONCLUDED that this Court does not have jurisdiction over the disability claims of Mr. McMillian or the allegations of criminal misconduct he has made as a result of 28 U.S.C. § 157; now therefore it is hereby

ORDERED that the requests of Mr. McMillian are denied for lack of jurisdiction; and it is further

ORDERED that Mr. McMillian is hereby barred from filing any further pleadings in this Court relating to his disability claim or any criminal complaints; and it is further

ORDERED that the TWA Post Confirmation Estate need not respond to any further pleadings that may be filed by Mr. McMillian in this case unless expressly ordered to do so by the Court.

BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge

cc:  Herbert McMillian
     James E. O'Neill, Esquire

# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRANS WORLD AIRLINES, INC., et al.,[1] | ) | Case No. 01-0056 (PJW) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### ORDER MODIFYING THE AUTOMATIC STAY
### WITH RESPECT TO CERTAIN CLAIM OF
### HERBERT MC MILLIAN

Upon the motion of Herbert McMillian for trial by jury, the Court having heard argument and the Court being advised in the premises;

IT IS HEREBY ORDERED that the automatic stay of 11 U.S.C. § 362 applicable to the above captioned cases is modified solely for the purpose of allowing Herbert McMillian ("McMillian") to proceed in the Social Security Administration proceeding styled Herbert McMillian, et al., Social Security Claim No. 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 v. Trans World Airlines, Inc. and Hartford Insurance Group regarding disability insurance claimed by McMillian as a retired employee of TWA but the automatic stay is not modified with respect to any other action brought by McMillian.

Dated: 8/24/01
Wilmington, Delaware

United States Bankruptcy Judge

---

[1]  The Debtors are the following entities: Trans World Airlines, Inc., Ambassador Fuel Corporation, LAX Holding Company, Inc., Mego Advertising Inc., Northwest 112th Street Corporation, The TWA Ambassador Club, Inc., Trans World Computer Services, Inc., Transcontinental & Western Air, Inc., TWA Aviation, Inc., TWA Group, Inc., TWA Standards & Controls, Inc., TWA Stock Holding Company, TWA-D.C. Gate Company, Inc., TWA-LAX Gate Company, Inc., TWA Logan Gate Co., Inc., TWA-NY/NJ Gate Company, Inc., TWA-Omnibus Gate Company, Inc., TWA-San Francisco Gate Company, Inc., TWA-Hangar 12 Holding Company, Inc., Ozark Group, Inc., TWA Nippon, Inc., TWA Employee Services, Inc., TWA Getaway Vacations, Inc., Trans World Express, Inc., International Aviation Security Inc., Getaway Management Services, Inc., The Getaway Group (U.K.) Inc.

*EXHIBIT (A)*

## Speedy Review of Disability Claims Is Ordered

Continued From Page B1

**B1**

SATURDAY, FEBRUARY 5, 2000

# Judge Orders Faster Review In Benefits Suit

## Assails Delays in Settling Many Disability Claims

### By BENJAMIN WEISER

Nearly eight years after the Social Security Administration agreed to review the cases of thousands of New Yorkers who claim that they were wrongfully denied disability benefits during the Reagan administration, a federal judge in Manhattan has criticized the agency for moving too slowly, saying people are dying before their claims can be processed.

Complaints about the denial of benefits go back to the early 1980's, when the government was widely criticized by judges and lawmakers for its efforts to remove people from disability rolls in defiance of court rulings. In 1992, the government agreed to reopen and grant new reviews of cases from that era in which New Yorkers were denied benefits or lost them.

On Thursday, after being told that 85,000 people — more than half of those who had filed claims — were still waiting for their reviews, Judge Leonard B. Sand of Federal District Court ordered the Social Security Administration to give prompt attention to the backlog, and to report back if it cannot process at least 30,000 cases a year until the work is complete.

"I don't underestimate the magnitude of the problem Social Security faces," Judge Sand said in court. "But I really do have a feeling that I'm dealing with a glacier here." He said he would consider taking "more intrusive action" if the agency failed to resolve the problem, but did not elaborate.

Many of the claimants are indigent, rely on some form of public assistance and say their disabilities entitle them to the benefits, which could amount to thousands of dollars retroactively. Kathleen M. Kelleher, a lawyer with the Legal Aid Society of New York, said in an interview.

The judge acted after the Legal Aid Society returned to court seeking enforcement of a July 1992 consent decree, approved by Judge Sand, that resolved a major class-

Continued on Page B6

action lawsuit. Stieberger v. Sullivan. It was filed by New Yorkers who said the Reagan administration had flouted the law in thousands of cases involving disability benefits.

As part of the consent decree, the Social Security Administration sent out notices to New Yorkers who were denied benefits in the 1980's. One hundred fifty-three thousand responded, claiming that they were entitled to new disability reviews.

But Legal Aid lawyers told Judge Sand that the Social Security Administration was not only moving too slowly in reopening the claims, but was also unwilling to provide an estimate of how long the process would take, thereby undercutting the effectiveness of the decree.

Judge Sand said he wanted to ensure that the decree had real meaning, "and that cases are not going to be closed with discouraging frequency because the claimants have died."

The agency acknowledged in court on Thursday that it routinely closed cases in which claimants had died before their reviews could take place. No witnesses testified in court about the effect of the delays, and no specifics were offered about people who had died waiting for claims to be processed.

But the Legal lawyer, Ms. Kelleher, said after the hearing that she had received hundreds of letters from the Social Security Administration, each notifying the Legal Aid Society that another plaintiff whose case was unresolved had died.

Ms. Kelleher praised Judge Sand's order, saying it would force Social Security officials to confront the backlog and "see that they'll be able to...

"It's disappointed that it can't happen before then," Ms. Kelleher said.

A Social Security spokeswoman, Catherine L. Noe, said yesterday, "We are working very hard to process the claims in the Stieberger case and for everyone else who applies in the future, to make sure we can take good care of them and get their claims processed in a speedy manner."

The class-action lawsuit, filed in 1985, charged that Social Security officials had ignored federal appeals court decisions that ran counter to the agency's more restrictive policies in disability cases.

In 1985, Judge Sand found the agency's actions to be unlawful a ruling that ultimately led to the 1992 consent decree. In his decision, he noted that all of the original plaintiffs were poor and were "barely, if ever, able to afford little more than rent."

utilities and transportation.

Under the decree, the Social Security Administration was to integrate the New York claims into its regular workload, and process them within "reasonable" time.

But the agency said the New York claims were "far more complex and time-consuming" than its regular claims" processing, and the agency said "it was also trying to balance its other obligations under court settlements and a mandate from Congress" with the New York claims.

Terry M. Henry, a Justice Department lawyer, told Judge Sand the agency processed 15,000 of the New York cases in the year ended August 1998 and 30,000 cases in the following year.

The judge asked whether the agency had considered asking Congress for more money to handle the claims, described as "a group of people who are getting older and sicker," or who had been deprived of the rights.

"Do you think that in July 1992, Judge Sand said later, "when I proved this order, there was any awareness on anyone's part that in January 2000 over half of the claims would not even begin to be processed?"

EXHIBIT (B)

*APPEAL  AS RIGHTS to* **Appeals** *28 USC ~ 158.*
=========NOTICE OF ENTRY=================

PLEASE take notice that the within is a *(questionable)*
true copy of a ? ORDER / Docket No.5616. duty filed
and entered in the office of the Clerk of the within name
Court on November 22, 2005.
**(see; Bkrtucy P. 8001(a) (b) 9022.**

Dated: December 1st, 2005

by Undersigned , Pro Se ,Creditor's
   Herbert McMillian
==========================================
**Service of the Appeal ( by ; Bkrtcy P. 8004).**

**Stay of Appeal: of surety BOND (by; Bkrtcy P 8005).**

**To: Debtors et al.**
**Via: Certified Mail -Receipt**
Trans World Airlines Inc. et.al
Michael J.Lichty, Esq. CEO
Pachulski,Stang,Ziehl,Young,
Jones,Weintraub,PC
919 North Market Street
Wilmington ,DE. 19899
Attn: **Incompetent / witness,**
*James E.O' Neill ,Esq. and
( TWA Service Lists, **Co- Debtors)**

**Via: Certified Mail - Receipt**
   Hartford Insurance Group,et al.
   Ramani Ayer, CEO
   Attorney's -in-Facts of Record
   690 Asylum Ave.
   Hartford, CT  06115
   Attn:**IPD/Retirement Plan Solutions**
      For TWA ,**Debtors**

**Creditor's DEMAND; Answering affidavit; record to be filed; DEFAULT .**
to compel officer,**debtors** / by 28-1361 **&** court to issues **writs**- 28 USC 1651.
as required by laws.

Dated: December 2 2005

Sworn to before me on
~~day of November ,2005~~
State of New York)
County of Queens;) ss.
Sworn to and subscribed before me this
2nd day of December, 2005)

by _Herbert Mc Millian_
**Deponent ,Herbert Mc Millian,Pro Se**
179-17 Anderson Road
St.Albans , NY 11434
(718) 723-4693
**Creditor's**
YVETTE
NOTARY PUBLIC, State of New York
No. 01ST5081762
Qualified in Queens County
Commission Expires July 7, 2007

*Personal Injures 28 USC~ 157(b)(5) **CLAIMS**,arose in U.S.Distrct Court, (SDNY).is Pending.