UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

Case No.USBK / DE, 01-56 (pjw)
   USBK/DE ,AP -05-88
Cause:28:0158 Bankruptcy Appeal from / question Order(mfw)
Preliminary Questions by (Fed.R.Evid..104 and related [sub] sections).

| | |
|---|---|
| **Herbert McMillian,**  )<br>                    Appellant<br>-against-<br>**Trans World Airlines,inc et.al,**<br>**Hartford Insurance Group**<br>**American Airlines Inc.** *and multi-*<br>***defaulting****,* "recipient's" in his capacity<br>~ as a<br>                    Appellees<br>_____) | Case No.1:06-civ.44(SLR)<br><br>**DEMAND FOR TRIAL**<br>**by JURY**<br>F.R.civ.P.**81(c)** / 38 / 42 |

TO: Undersigned multi- parties to receive notice pursuant to F.R.civ.P.5 et.seq.

   PLEASE TAKE NOTICE; that Herbert McMillian,Pro Se for appellant hereby **demands** a jury trial of right by a jury of 12 of the following issues of fact raised upon **noticed** motion for **removal** to certain Personal Injury suit, in the Social Security Act, Payment of insurance **disability** multi-claims in benefits as retired employee of TWA, *as employer or insurer who provides workers' compensation*, and / or under an ERISA, for Itemized Verdicts at a appropriate jurisdiction and Venue of United States District Court in (SDNY) _____Term , Trial Part_____
to be held at the courthouse thereof. 40 Centre Street ,NY, NY.10007 at 10:00 A.M. o'Clock in the forenoon **28**th day of February 2006; thereafter.
**Or** to be Scheduled by assigned jurisdiction trial Court, by a judge's discreation.
(Upon which question jurisdiction Pending causes action suit arose).

**ITEMIZED VERDICTS** [bifurcating] ***right to jury ,"validly" claimed by appellant***; for all legal and equitable issues for, prior / future / amount period of year to verdict, as to each elements of special and general **increased damages** upon which the award and amount as set - forth;

1). the Jury in the above-entitled action, find in favor of the appellant's and - against-appellee's in excess of ad damnum clause in sum **$25,000.000.00** (million dollars)of an annuity contract and to be posted as security with 20% interest thereon from thirty days after itemized verdicts is entered. **2**). as to liability **3**). as to damage **4**). as to Medical expenses **5**). as to Lost of earn-ing  **6**).as to Impairment of earning ability **7**). as to Pain and suffering **8**). together with compensatory damages for prior and future to verdict.

9)..punitive damages for prior and future to verdict accordance with jury's resolution of legal claims in benefits and issues.

10). other **remand** raised federal questions claims in benefits and Pension plan under ERISA rights for prior and future and amount equitable and **Relief** from the Bankruptcy Court "prior order of an automatic Stay **11 USC~362**(a)(d)"*and* to Prosecute under 29 USC~1131 of Criminal Penalties and Civil enforcements. by 29 USC~ 1132 **and** of the Pending Personal Injury Suit.

**Dated:** February **16**, 2006         SUBMIT PAPERS ON NOTICE

*[signature]*

**by: Herbert McMillian,**
Pro se for Appellant
179-17 Anderson Road
St.Albans , NY 11434
(718) 723-4693

Office of Clerk
United States District Court
  District of Delaware

*Intervention*;
 Assigned: Mediator / Arbitrator by Court, under 28 USC~651 through
 658. (F.R.civ.P. 81c).

United States Attorney [ General ], Bankr.P.2002 and 28 USC~541 to 547.
**and** ERISA rights, including Pension plan,by 29 USC~1131 and 1132.

United States Trustee's,duties to make; Payments for retired employees
of <u>all</u> claim in benefit; Bank.Code R.1114 (a) (e) and by 2002  and
28 USC~581 to 586.**and** other regulatory agency's.

*Via: Certified Mail - Return Receipt*:
**To:**Appellee's / multiple debtors / estates / "recipient" / counsel , trustee:
Trans World Airlines,Inc.et. al; Employee's Retirement  Benefit Plan and
American Airlines, Employee's Retired Benefits Plan
**James O'Neill** , attorney of record
@ Pachulski,Stang,Ziehl,Young, Jones.
TWA, service list of  "recipient" , counsels'of capacity.
919 Market Street
Wilmington ,DE  19899  **and**

Appellee's / Insurance carriers.
Hartford Insurance Group ; IPD / Retirement Plan Solutions
**John / Jane Doe** , attorney of Record
690 Asylum Ave.
Hartford ,CT. 06115.

ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                ) Chapter 11
                                      )
TRANS WORLD AIRLINES, INC., et al.,[1] ) Case No. 01-0056 (PJW)
                                      ) (Jointly Administered)
                                      )
          Debtors.                    )

ORDER MODIFYING THE AUTOMATIC STAY
WITH RESPECT TO CERTAIN CLAIM OF
HERBERT MC MILLIAN

Upon the motion of Herbert McMillian for trial by jury, the Court having heard argument and the Court being advised in the premises;

IT IS HEREBY ORDERED that the automatic stay of 11 U.S.C. § 362 applicable to the above captioned cases is modified solely for the purpose of allowing Herbert McMillian ("McMillian") to proceed in the Social Security Administration proceeding styled Herbert McMillian, et al., Social Security Claim No. 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 v. Trans World Airlines, Inc. and Hartford Insurance Group regarding disability insurance claimed by McMillian as a retired employee of TWA but the automatic stay is not modified with respect to any other action brought by McMillian.

Dated: 8/24/01
Wilmington, Delaware

_____
United States Bankruptcy Judge

---

[1] The Debtors are the following entities: Trans World Airlines, Inc., Ambassador Fuel Corporation, LAX Holding Company, Inc., Mega Advertising Inc., Northwest 112th Street Corporation, The TWA Ambassador Club, Inc., Trans World Computer Services, Inc., Transcontinental & Western Air, Inc., TWA Aviation, Inc., TWA Group, Inc., TWA Standards & Controls, Inc., TWA Stock Holding Company, TWA-D.C. Gate Company, Inc., TWA-LAX Gate Company, Inc., TWA Logan Gate Co., Inc., TWA-NY/NJ Gate Company, Inc., TWA-Omnibus Gate Company, Inc., TWA-San Francisco Gate Company, Inc., TWA-Hanger 12 Holding Company, Inc., Ozark Group, Inc., TWA Nippon, Inc., TWA Employee Services, Inc., TWA Getaway Vacations, Inc., Trans World Express, Inc., International Aviation Security Inc., Getaway Management Services, Inc., The Getaway Group (U.K.) Inc.

EXHIBIT (A)

**B1**

SATURDAY, FEBRUARY 5, 2000

# Judge Orders Faster Review In Benefits Suit

## Assails Delays in Settling Many Disability Claims

**By BENJAMIN WEISER**

Nearly eight years after the Social Security Administration agreed to review the cases of thousands of New Yorkers who claim that they were wrongfully denied disability benefits during the Reagan administration, a federal judge in Manhattan has criticized the agency for moving too slowly, saying people are dying before their claims can be processed.

Complaints about the denial of benefits go back to the early 1980's, when the government was widely criticized by judges and lawmakers for its efforts to remove people from disability rolls in defiance of court rulings. In 1992, the government agreed to reopen and grant new reviews of cases from that era in which New Yorkers were denied benefits or lost them.

On Thursday, after being told that 85,000 people — more than half of those who had filed claims — were still waiting for their reviews, Judge Leonard B. Sand of Federal District Court ordered the Social Security Administration to give prompt attention to the backlog, and to report back if it cannot process at least 30,000 cases a year until the work is complete.

"I don't underestimate the magnitude of the problem Social Security faces," Judge Sand said in court. "But I really do have a feeling that I'm dealing with a glacier here." He said he would consider taking "more intrusive action" if the agency failed to resolve the problem, but did not elaborate.

Many of the claimants are indigent, rely on some form of public assistance and say their disabilities entitle them to the benefits, which could amount to thousands of dollars retroactively, Kathleen M. Kelleher, a lawyer with the Legal Aid Society of New York, said in an interview.

The judge acted after the Legal Aid Society returned to court seeking enforcement of a July 1992 consent decree, approved by Judge Sand, that resolved a major class-

Continued on Page B6

# Speedy Review of Disability Claims Is Ordered

Continued From Page B1

action lawsuit, Stieberger v. Sullivan. It was filed by New Yorkers who said the Reagan administration had flouted the law in thousands of cases involving disability benefits.

As part of the consent decree, the Social Security Administration sent out notices to New Yorkers who were denied benefits in the 1980's. One hundred fifty-three thousand responded, claiming that they were entitled to new disability reviews.

But Legal Aid lawyers told Judge Sand that the Social Security Administration was not only moving too slowly in reopening the claims, but was also unwilling to provide an estimate of how long the process would take, thereby undercutting the effectiveness of the decree.

Judge Sand said he wanted to ensure that the decree had real meaning, "and that cases are not going to be closed with discouraging frequency because the claimants have died."

The agency acknowledged in court on Thursday that it routinely closed cases in which claimants had died before their reviews could take place. No witnesses testified in court about the effect of the delays, and no specifics were offered about people who had died waiting for claims to be processed.

But the Legal Aid lawyer, Ms. Kelleher, said after the hearing that she had received hundreds of letters from the Social Security Administration, each notifying the Legal Aid Society that another plaintiff whose case was unresolved had died.

Ms. Kelleher praised Judge Sand's order, saying it would force Social Security officials to confront the backlog and see that they'll be ███████████.

"███ disappointed that it can't happen before then," Ms. Kelleher added.

A Social Security spokeswoman, Catherine L. Noe, said yesterday, "We are working very hard to process the claims in the Stieberger case and for everyone else who applies in the future, to make sure we can take good care of them and get their claims processed in a speedy manner."

The class-action lawsuit, filed in 1984, charged that Social Security officials had ignored federal appeals court decisions that ran counter to the agency's more restrictive policies in disability cases.

In 1985, Judge Sand found the agency's actions to be unlawful, a ruling that ultimately led to the 1992 consent decree. In his decision, he noted that all of the original plaintiffs were poor and were "barely, if ever, able to afford little more than rent, utilities and transportation."

Under the decree, the Social Security Administration was to integrate the New York claims into its regular workload, and process them within a "reasonable" time.

But the agency said the New York claims were "far more complex and time-consuming" than regular claims ███████████████. The agency said it was also trying to balance its other obligations under court settlements and mandates from Congress with the New York claims.

Terry M. Henry, a Justice Department lawyer, told Judge Sand that the agency processed 15,000 of the New York cases in the year ended August 1998 and 30,000 cases in the following year.

The judge asked whether the agency had considered asking Congress for more money to handle the claims of the New York plaintiffs, whom he described as a "group of people who are getting older and sicker" and who had been deprived of their rights.

"Do you think that in July 1992, Judge Sand said later, "when I approved this order, there was awareness on anyone's part that in January 2000 over half of the claims would not even begin to be processed?"

EXHIBIT (B)

**Receipt 1 (top):**

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

HARTFORD, CT 06103    UNIT ID: 0231

| | | |
|---|---|---|
| Postage | $ | 0.39 |
| Certified Fee | | 2.40 |
| Return Receipt Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.64 |

Postmark Here
Clerk: KH2W82
02/17/06

Sent To: Counsel Office Hartford Insurance Group
Street, Apt. No.; or PO Box No. 690 Asylum Ave.
City, State, ZIP+4 Hartford, CT 06115

Certified Mail No.: 7002 E002 0922 E000 8289 0298

PS Form 3800, June 2002    See Reverse for Instructions

**Receipt 2 (bottom):**

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

WILMINGTON, DE 19899    UNIT ID: 0231

| | | |
|---|---|---|
| Postage | $ | 0.39 |
| Certified Fee | | 2.40 |
| Return Receipt Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.64 |

Postmark Here
Clerk: KH2W82
02/17/06

Sent To: James O'Neill, Esq. Schwliski, Stang, Zichl Young Jones P.C.
Street, Apt. No.; or PO Box No. 919 Market St.
City, State, ZIP+4 Wilmington, DE 19899

PS Form 3800, June 2002    See Reverse for Instructions

**PS Form 3817 (Certificate of Mailing):**

PROVIDE FOR INSURANCE—POSTMASTER

Received From:
Herbert McMillian
178-17 Anderson Rd
St. Albans, NY 11434

One piece of ordinary mail addressed to:
Hon. Mary F. Walrath, Judge
United States Bankruptcy Court
824 Market St.
Wilmington, DE. 19899

PS Form 3817, January 2001

U.S. POSTAGE PAID
JAMAICA, NY
11432
FEB 17, '06
AMOUNT
$0.95
0000898889-09

UNITED STATES POSTAL SERVICE
0000

In The United States District Court  Case No.1:06-civ.44(SLR)
District of Delaware

**DECLARATION; Proof Of Service:** (Pursuant, 28 U.S.C. 1746).

I, Herbert McMillian, pro se for Appellant, declare under penalties of perjury for the undersigned in this entitled triable **"jury"** action he cause one (1) true copy of original each paper's **DEMAND FOR TRIAL BY JURY** and Exhibit A and B
to be served on the following **via:** U.S.Mail Service with postages fully prepaid on **17** day of February 2006

**Notice:** to Appellees'/ *recipient* / attorneys / insurer carrier / third-party;
*Via:Certified Mail--Return Receipt*  "Personal and Confidential"

| | |
|---|---|
| **Trans World Airlines Inc. et al,.** | **Hartford Insurance Group Inc.** |
| Michael J. Lichty Esq. CEO | Ramani Ayer, CEO |
| Attorney's of Record: at; | Attorney's of Record: at; |
| Pachulski,Stang,Ziehl,Young | 690 Asylum Ave. |
| Jones ,Weintraub, PC | Hartford ,CT 06115 |
| 919 North Market Street | Attn: IPD/Retirement Plan Solutions |
| Wilimington , DE 19899 | For TWA |
| American Airlines,Inc. | Unknown Address |

See: **TWA,service list /"recipient"/ counsel's Nov. 18 , 2005 Hearing @ 2:00 P.M.**
 at:**U.S. Bankruptcy Court in Delaware:**

I, swear under penalty of perjury, under the laws of the United States that the foregoing is true and correct in this declaration are true.
in this entitled triable **"jury"** action he cause one (1) Original true paper(s);
**as the same type above** to be **filed and entered**  Via:Personally Services
at:  CLERK' S   OFFICE ,    Assigned to Hon:**Sue L. Robinson** , Chief Judge
United States  District Court / District of Delaware / 844 King Street
Wilmington , Delaware  19899.

Copy;to be sent by Clerk Office , to appropriate jurisdiction agency. **at;**
U.S. District Court, Arbitrator Office
U.S. Attorney General Office
U.S. Trustee's Office
and I, sent a copy by U.S. mail to U.S. Bankruptcy / DE. Judge, Walrath

**EXECUTED:** on
February  17            ,2006
 Dated

By: Herbert McMillian ,
Pro Se for Appellant
179-17 Anderson Road
St. Albans , NY 11434
(718) 723-4693

*Doreen Marshall*

DOREEN MARSHALL
NOTARY PUBLIC STATE OF NEW YORK
QUALIFIED IN QUEENS COUNTY
NO 41-5000896
MY COMM EXP AUG 2006