IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re TWA Post Confirmation Estate, | |
| Herbert McMillian,<br><br>      Appellant,<br><br>v.<br><br>TWA Post Confirmation Estate and Hartford Insurance Group,<br><br>      Appellees. | Civil Action No. 06-44 (SLR)<br><br>Bankruptcy Case No. 01-0056 (PJW)<br>(Jointly Administered) |

## APPELLEE TWA POST CONFIRMATION ESTATE'S MOTION TO DISMISS APPEAL FILED BY HERBERT MCMILLIAN FOR LACK OF JURISDICTION DUE TO APPELLANT'S FAILURE TO TIMELY FILE A NOTICE OF APPEAL AND LACK OF PROSECUTION

TWA Post Confirmation Estate (the "Estate" or Appellee") hereby submits this *Motion to Dismiss Appeal Filed by Herbert McMillian for Lack of Jurisdiction Due to Appellant's Failure to Timely File a Notice of Appeal and Lack of Prosecution* (the "Dismissal Motion") and respectfully represents as follows:

### Preliminary Statement

Claimant Herbert McMillian ("Appellant" or "McMillian") failed to file a timely notice of appeal under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and failed to file (a) a statement of issues on appeal and (b) a designation of the record on appeal as required by Bankruptcy Rule 8006. In sum, the Appellant has failed to timely file items required

by the Bankruptcy Rules and has failed to properly pursue his appeal in the months since it was filed. Thus, the Appellee respectfully requests that the Court exercise its discretion and dismiss this appeal with prejudice.

## Background

### A. Procedural History of the TWA Bankruptcy Case

On January 10, 2001, Trans World Airlines, Inc. and twenty-six of its wholly-owed subsidiaries (collectively, "TWA") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby becoming debtors and debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

On March 12, 2001, the Bankruptcy Court authorized TWA to sell substantially all of it assets, free and clear of liens, claims, and encumbrances, to TWA Airlines LLC, a wholly-owned subsidiary of American Airlines, Inc. (together with TWA Airlines, LLC, "American"), pursuant to an asset purchase. The sale of assets to American closed on April 9, 2001.

The Third Amended Joint Liquidating Plan of Reorganization of the Debtors and the Official Committee of Unsecured Creditors Pursuant to chapter 11 of the Bankruptcy Code (the "Plan") (Bankr. Docket No. 2890)[1] was confirmed on or about June 15, 2002 and the Effective Date of the Plan was June 25, 2002.

---

[1] All references to "Bankr. Docket No. ___" herein refer to the docket of filings maintained by the United States Bankruptcy Court for the District of Delaware at Case No. 01-0056 (PJW). All references to "D.I. No. ___" herein refer to the docket of filings maintained by the United States District Court for the District of Delaware at Case No. 06-44 (SLR).

2

Under the terms of the Plan, TWA's bankruptcy cases were substantively consolidated and all of TWA's assets were transferred to the TWA Inc. Post Confirmation Estate (the "Estate"), a liquidating grantor trust, for the benefit of the TWA's creditors.

All claims against TWA are to be satisfied from the assets of the single, consolidated Estate. The Estate continues the administration of these cases reconciling claims, and effecting the distributions under the Plan.

### B.    Mr. Herbert McMillian History

Mr. Herbert McMillian is a former employee of TWA who was terminated in 1979.

Mr. McMillian has appeared TWA's bankruptcy case *pro se*. Mr. McMillian filed two duplicate general unsecured proofs of claim in TWA's bankruptcy cases for unliquidated amounts. Mr. McMillian sought damages from TWA allegedly arising from the termination of his employment in 1979.

On September 30, 2002, Mr. McMillian and the Estate entered into a Stipulation and Agreed Order (Bankr. Docket No. 3536) which eliminated the duplicate claim. McMillian's surviving claim, Claim No. 51500, was filed on July 10, 2001 and asserts an unknown amount from a claim arising on August 30, 1979, the date of his termination.

The Estate objected to Mr. McMillian's claim in its Seventh Substantive Omnibus Objection to Claims which was filed on January 27, 2003 at Bankr. Docket No. 4591 (the "Objection"). The Bankruptcy Court commenced an evidentiary hearing on the Objection on August 6, 2003. After many hearings, on January 27, 2004, Judge Walsh, the Bankruptcy Judge

presiding over TWA's bankruptcy case, entered an order expunging Mr. McMillian's Claim No. 51500 (Bankr. Docket No. 5223).

After his claim was expunged, Mr. McMillian continued to file documents in the Bankruptcy Court, none of which related to any pending proceeding. The filings continued into 2005 and included a request that Judge Walsh disqualify himself. Judge Walsh recused himself from certain matters by Order dated October 6, 2005 (Bankr. Docket No. 5594) and transferred consideration of Bankr. Docket Nos. 5521, 5550 and 5586 to the Honorable Mary Walrath, the Chief Judge of the Bankruptcy Court.

At a hearing held on November 18, 2005, the Bankruptcy Court, with Judge Walrath presiding, considered argument by the parties on the matters which Mr. McMillian put at issue and, on November 22, 2005, Judge Walrath entered an Order denying the requests of Mr. McMillian (Bankr. Docket No. 5616) (the "November 22 Order"). Furthermore, the Bankruptcy Court ordered that the Estate "need not respond to any further pleadings that may be filed by Mr. McMillian in [the Bankruptcy Case] unless expressly ordered to do so by the [Bankruptcy] Court." Id. Mr. McMillian appealed the November 22 Order.

On December 20, 2006, the Clerk for the Bankruptcy Court filed Appellant's Notice of Appeal for Removal and Accompanying Affidavits (Pursuant to Bkrtcy P 8001 & 28 USC ~ 1915 & 24(c), dated December 16, 2006 giving notice of Appellant's appeal to the United States District Court for the District of Delaware from the November 22 Order (Bankr. Docket No. 5637) (the "Notice of Appeal").

4

## Argument

The Court should dismiss the appeal because Appellant's failure to timely file a Notice of Appeal from the November 22 Order, as required by Bankruptcy Rule 8002, divests this Court of jurisdiction to hear the appeal. Furthermore, Appellant's failure to timely file and serve his designation of the items to be included in the record and statement of the issues on appeal as required by Bankruptcy Rule 8006 is sufficient grounds for dismissal of the appeal.

**A.    Appellant's Failure to Timely File a Notice of Appeal
       Divests the District Court of Jurisdiction to Hear the Appeal**

The Appellant's failure to timely file his Notice of Appeal divests creates a jurisdictional defect thus barring this Court from appellate review. This Court is constrained by the Bankruptcy Rules, which provide specific rules for the time during which a party must file a notice of appeal. Pursuant to Bankruptcy Rule 8002(a), [t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. Bankr. R. 8002(a).

The United States Court of Appeals for the Third Circuit has clearly pronounced that the time limits of Bankruptcy Rule 8002 are to be "strictly construed" and are jurisdictional in effect. See Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997) ("The failure to file a timely notice of appeal [from the bankruptcy court] creates a jurisdictional defect barring appellate review."); In re Colon, 941 F.2d 242, 245-46 (3d Cir. 1991) ("a late filing is insufficient to vest the district court with jurisdiction of the appeal"); Whitmere Dev. Corp. v.

Township of Cherry Hill, 786 F.2d 185, 187 (3d Cir. 1986); In re Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir. 1985).

The November 22 Order was signed and docketed on November 22, 2006. Therefore, in order to be timely filed the Notice of Appeal had to be filed no later than December 2, 2006. Even giving the Appellant the benefit of the earlier date on the Notice of Appeal (December 16, 2006) rather than the date that the Bankruptcy Court docketed the Notice of Appeal (December 20, 2006), the Appellant still failed to comply with the mandate of Bankruptcy Rule 8002(a) and failed to timely file the Notice of Appeal in this matter. Due to Appellant's failure to timely file the Notice of Appeal and the jurisdictional nature of Bankruptcy Rule 8002, this Court lacks jurisdiction to review this appeal.

### B. Appellant's Failure to Timely File the Statement of Issues and Designation of the Record are Sufficient Grounds for Dismissal of the Appeal

Courts have the power to dismiss an appeal if the statement of issues and designation of the record are not timely filed. See, e.g., M.A. Baheth & Co. v. Schott (In re M.A. Baheth Constr. Co.), 118 F.3d 1082, 1084 (5th Cir. 1997); Nielsen v. Price (In re Nielsen), 17 F.3d 1276, 1277 (10th Cir. 1994); Serra Builders, Inc. v. John Hanson Savings Bank F.S.B. (In re Serra Builders, Inc.), 970 F.2d 1309, 1311 (4th Cir. 1992); In re Frottier, 185 B.R. 928, 928 (Bankr. S.D. Fla. 1995).

The rules concerning bankruptcy appeals have short time periods for counsel to act because it is recognized that delay is prejudicial to creditors. See First Nat'l Bank of Maryland v. Markoff, 70 B.R. 264, 265 (S.D.N.Y. 1985) (dismissing appeal where appellant had "consistently

ignored the rules designed to ensure quick administration of the bankruptcy laws"); McKenna v. United States Trustee (In re Remington Dev. Group, Inc.), 177 B.R. 755, 758 (D.R.I. 1994) (repeated late filings warrant dismissal of appeal).

Abuse of the Bankruptcy Rules and the judicial process is a recurring theme for Appellant. Appellant initially failed to timely file the Notice of Appeal pursuant to Bankruptcy Rule 8002(a). Appellant has failed to (1) timely file a designation of record and (2) timely file a statement of the issues on appeal. Here, Appellant was required to file (a) designation of the record and (b) statement of the issues on appeal no later than ten (10) days after filing of the Notice of Appeal on December 20, 2006. Therefore, in order to be timely filed, the designation of the record and the statement of the issues had to be filed no later than December 30, 2006. Rather than meet the requirements under the Bankruptcy Rules in order to properly pursue his appeal, the Appellant has chosen to continue his course of filing frivolous, meaningless pleadings. See Demand for Trial by Jury (D.I. 3); Copy of Entry of Default (D.I. 5). As of the date hereof, Appellant has not filed the designation of the record and the statement of the issues on appeal.

## Conclusion

**WHEREFORE**, the Appellee respectfully requests that this Court grant the Dismissal Motion, dismissing this appeal with prejudice to Appellant and granting such other relief as this Court deems just and proper.

Dated: July 21, 2006

PACHULSKI STANG ZIEHL YOUNG JONES &WEINTRAUB LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re TWA Post Confirmation Estate,

| | |
|---|---|
| Herbert McMillian,<br><br>                Appellant,<br><br>v.<br><br>TWA Post Confirmation Estate and Hartford Insurance Group,<br><br>                Appellees. | Civil Action No. 06-44 (SLR)<br><br>Bankruptcy Case No. 01-0056 (PJW)<br>(Jointly Administered) |

### AFFIDAVIT OF SERVICE

Louise Tuschak, being duly sworn according to law, deposes and says that she is employed by the law firm of Pachulski Stang Ziehl Young Jones & Weintraub LLP co-counsel for the Debtor in the above-captioned action, and that on the 21st day of July 2006 she caused a copy of the following document to be served upon the attached service list in the manner indicated:

**Appellee TWA Post Confirmation Estate's Motion To Dismiss Appeal Filed By Herbert McMillian For Lack Of Jurisdiction Due To Appellant's Failure To Timely File A Notice Of Appeal And Lack Of Prosecution**

                                                      /s/ Louise L. Tuschak<br>
                                                      Louise L. Tuschak

SWORN TO AND SUBSCRIBED<br>
by me on this 21st day of July 2006

/s/ Mary Corcoran<br>
Notary Public<br>
My Commission Expires: 11/4/07

                                                    MARY E. CORCORAN<br>
                                                    Notary Public<br>
                                                    State of Delaware<br>
                                                    My Commission Expires Nov. 4, 2007

85400-001\DOCS_DE:119946.1

TWA Post Confirmation Estate Service List for
Motion to Dismiss McMillian Appeal
Case No. 01-0056
Document No. 119947
01 – Overnight Delivery

**Overnight Delivery**
(Pro Se)
Mr. Herbert McMillian
179-17 Anderson Road
St Albans, NY  11434