IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re TWA Post Confirmation Estate,

| | |
|---|---|
| Herbert McMillian,<br><br>      Appellant,<br><br>v.<br><br>TWA Post Confirmation Estate and Hartford Insurance Group,<br><br>      Appellees. | Civil Action No. 06-44 (SLR)<br><br>Bankruptcy Case No. 01-0056 (PJW)<br>(Jointly Administered)<br><br>**Re: Docket Nos. 8, 9 & 10** |

## APPELLEE TWA POST CONFIRMATION ESTATE'S REPLY TO (A) VERIFIED REPLY BY APPELLANT, HERBERT MCMILLIAN'S IN AN JUDICIAL INQUEST TO ASSESSED DAMAGES UPON A DEFAULT, A JURY TRIAL OF RIGHT AND (B) APPEARANCE, ENTRY OF JUDGMENT BY DEFAULT

TWA Post Confirmation Estate (the "Estate" or Appellee") hereby submits this *Reply to (A) Verified Reply by Appellant, Herbert McMillian's in an Judicial Inquest to Assessed Damages Upon a Default, a Jury Trial of Right and (B) Appearance, Entry of Judgment by Default* (the "Reply") and respectfully represents as follows:

### Preliminary Statement

Claimant Herbert McMillian ("Appellant" or "McMillian") does not even attempt to respond to Appellee's *Motion to Dismiss Appeal Filed by Herbert McMillian for Lack of Jurisdiction Due to Appellant's Failure to Timely File a Notice of Appeal and Lack of*

*Prosecution* (D.I. No. 8) (the "Motion to Dismiss").[1] Rather, Appellant again continues his course of filing frivolous, meaningless pleadings. As previously asserted in the Motion to Dismiss, Appellee reasserts that Appellant failed to file a timely notice of appeal under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and failed to file (a) a statement of issues on appeal and (b) a designation of the record on appeal as required by Bankruptcy Rule 8006. In sum, not only has the Appellant failed to timely file items required by the Bankruptcy Rules and failed to properly pursue his appeal in the months since it was filed but Appellant has failed to provide a basis in law to support this Court's denial of the Motion to Dismiss. Thus, the Appellee respectfully requests that the Court exercise its discretion and dismiss this appeal with prejudice.

### Background

The procedural history of the TWA Bankruptcy Case and the history of Mr. Herbert McMillian, as it relates to the TWA Bankruptcy Case, are fully detailed in the Motion to Dismiss filed on July 21, 2006 and incorporated herein by reference.

On August 2, 2006, Appellant filed *Verified Reply by Appellant, Herbert McMillian's in an Judicial Inquest to Assessed Damages Upon a Default, a Jury Trial of Right* (D.I. No. 9) (the "Response").

On August 28, 2006, Appellant filed *Appearance, Entry of Judgment by Default* (D.I. No. 10) (the "Notice").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

85400-001\DOCS_DE:121259.1

**Argument**

Neither Appellant's Response nor Appellant's Notice address the issues raised by the Appellee in the Motion to Dismiss. Appellant simply ignores the Appellee's assertion that the Court should dismiss the appeal for lack of jurisdiction and instead files two incoherent and procedurally inappropriate pleadings – the Response and the Notice. In the Response and the Notice, Appellee provides no legal or factual support for this Court's denial of the Motion to Dismiss. For these reasons and the reasons stated in the Appellee's Motion to Dismiss, the Court should dismiss this appeal because Appellant's failure to timely file a Notice of Appeal from the November 22 Order, as required by Bankruptcy Rule 8002, divests this Court of jurisdiction to hear the appeal. Furthermore, Appellant's failure to timely file and serve his designation of the items to be included in the record and statement of the issues on appeal as required by Bankruptcy Rule 8006 is sufficient grounds for dismissal of the appeal.

**Conclusion**

**WHEREFORE**, the Appellee respectfully requests that this Court grant the Motion to Dismiss, dismissing this appeal with prejudice to Appellant and granting such other relief as this Court deems just and proper.

Dated: September 22, 2006

PACHULSKI STANG ZIEHL YOUNG JONES &WEINTRAUB LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re TWA Post Confirmation Estate,

| | |
|---|---|
| Herbert McMillian,<br><br>                  Appellant,<br><br>v.<br><br>TWA Post Confirmation Estate and Hartford Insurance Group,<br><br>                  Appellees. | Civil Action No. 06-44 (SLR)<br><br>Bankruptcy Case No. 01-0056 (PJW)<br>(Jointly Administered) |

**CERTIFICATE OF SERVICE**

        I, James E. O'Neill, certify that on the 22nd day of September 2006, I caused a copy of the following document to be served on the individuals on the attached service list in the manner indicated:

**APPELLEE TWA POST CONFIRMATION ESTATE'S REPLY TO (A) VERIFIED REPLY BY APPELLANT, HERBERT MCMILLIAN'S IN AN JUDICIAL INQUEST TO ASSESSED DAMAGES UPON A DEFAULT, A JURY TRIAL OF RIGHT AND (B) APPEARANCE, ENTRY OF JUDGMENT BY DEFAULT**

                                                    /s/ James E. O'Neill
                                                    James E. O'Neill (DE Bar No. 4042)

TWA Post Confirmation Estate Service List for
Motion to Dismiss McMillian Appeal
Case No. 01-0056
Document No. 119947
01 – Overnight Delivery

**Overnight Delivery**
(Pro Se)
Mr. Herbert McMillian
179-17 Anderson Road
St Albans, NY  11434