IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| TRANS WORLD AIRLINES, INC., ) | |
| et al., ) | Bk. No. 01-0056(PJW) |
| ) | Jointly Administered |
| Debtors. ) | |
| | |
| HERBERT MCMILLIAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civ. No. 06-044-SLR |
| ) | |
| TWA POST CONFIRMATION ESTATE ) | |
| and HARTFORD INSURANCE GROUP, ) | |
| ) | |
| Appellees, ) | |

O R D E R

At Wilmington this 29th day of September, 2006, having reviewed the appeal filed by Herbert McMillian and the papers filed in connection therewith;

IT IS ORDERED that appellees' motion to dismiss the appeal (D.I 8) is granted and the appeal is dismiss, for the reasons that follow.

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy

court's findings of fact and a plenary standard to that court's legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. In re Hechinger, 298 F.3d 219, 224 (3d Cir. 2002); In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Question presented.** Does this court have jurisdiction to hear the appeal, where appellant failed to timely file a notice of appeal?

3. **Background facts.** By order dated November 22, 2005, the bankruptcy court concluded that it lacked jurisdiction over "the disability claims of Mr. McMillian or the allegations of criminal misconduct he has made as a result of 28 U.S.C. § 157." Appellant filed a notice of appeal dated December 16, 2005, which

was filed in the bankruptcy court on December 20, 2005.

4. **Analysis.** Bankruptcy Rule 8002(a) states, "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." The United States Court of Appeals for the Third Circuit has held that "[t]he failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review." Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997).

5. The November 22, 2005 order was signed and docketed on November 22, 2005. In order to be timely filed, appellant's notice of appeal had to be filed no later than December 6, 2005 (giving appellant the benefit of counting only 10 weekdays). Even if the court considers the December 16, 2005 date printed on appellant's notice of appeal, this court lacks appellate jurisdiction based on appellant's untimely filing.[1]

6. Even if the court were to consider the merits of the appeal, the bankruptcy court committed no error in concluding that its order dated August 24, 2001, modifying the automatic stay of 11 U.S.C. § 362 to allow appellant to pursue his claims for disability insurance benefits in previously filed litigation, divested the bankruptcy court of further jurisdiction over any

---

[1]The court further notes that appellant did not timely file the statement of issues or the designation of the record, as required under Bankruptcy Rule 8006.

3

matters relating to such claims.

                                                                          United States District Judge