**BLD-220**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4450

IN RE: TRANS WORLD AIRLINES, ET AL.,

<u>Debtors</u>

HERBERT MCMILLIAN,

<u>Appellant</u>

v.

TRANS WORLD AIRLINES, INC.;
HARTFORD INSURANCE GROUP, INC.

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00044)
District Judge:  Honorable Sue L. Robinson

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 10, 2007

BEFORE: McKEE, FUENTES and WEIS, <u>CIRCUIT JUDGES</u>

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B).  On consideration whereof, it is now hereby

      ORDERED AND ADJUDGED by this Court that the appeal is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).  All of the above in accordance with the opinion of this Court.

                                        ATTEST:

                                        /s/ Marcia M. Waldron
                                        Clerk

DATED: 4 June 2007



**Certified as a true copy and issued in lieu of a formal mandate on**   July 9, 2007

**Teste:** *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

BLD-220                                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4450

IN RE: TRANS WORLD AIRLINES, ET AL.,
                                                                    <u>Debtors</u>

HERBERT MCMILLIAN,
                                                                    <u>Appellant</u>

v.

TRANS WORLD AIRLINES, INC.;
HARTFORD INSURANCE GROUP, INC.

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00044)
District Judge:  Honorable Sue L. Robinson

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 10, 2007

BEFORE:  McKEE, FUENTES and WEIS, <u>CIRCUIT JUDGES</u>

(Filed: June 4, 2007)

OPINION

PER CURIAM.

1

Herbert McMillian appeals pro se from the District Court's order dismissing his bankruptcy appeal as untimely. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The parties are familiar with the background of this case. McMillian filed proofs of claim in the Chapter 11 bankruptcy of Trans World Airlines, Inc. The Bankruptcy Court disallowed and expunged those claims in 2004, and McMillian does not appear to have appealed from that order. Instead, he continued to file various documents in the Bankruptcy Court that did not pertain to any pending claim. Finally, on November 22, 2005, the Bankruptcy Court entered an order denying relief on McMillian's filings and directing him to refrain from filing additional pleadings in that proceeding.

McMillian appealed to the District Court by notice dated December 16, 2005. The appellee in the District Court (the TWA Post Confirmation Estate) moved to dismiss the appeal as untimely, and the District Court granted the motion. McMillian appeals from that order. We have granted him leave to proceed in forma pauperis, so we review this appeal to determine whether it should be dismissed pursuant to § 1915(e)(2)(B). We conclude that it should.

An appeal is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). There is no arguable basis to challenge the District Court's ruling here. McMillian's appeal from the Bankruptcy Court's November 22, 2005 order was required to be filed within ten days thereafter, or by

December 2, 2005.  See Fed. R. Bankr. P. 8002(a), 9006(a).[1]  McMillian's notice of appeal was dated December 16 and received by the Bankruptcy Court on December 20.  McMillian did not file anything further in the Bankruptcy Court, so there is nothing that could be construed as a motion under Rule 8002(b) or (c) that might have extended or sought to extend the time for filing an appeal.  Nor did McMillian raise any relevant arguments in response to appellee's motion in the District Court.  Accordingly, the District Court properly dismissed his appeal from the Bankruptcy Court.[2]  Because there is no arguable basis to challenge that ruling, we will dismiss his appeal from the District Court as well.

---

[1] The District Court, apparently counting only business days pursuant to Rule 6 of the Federal Rules of Civil Procedure, determined that McMillian's notice of appeal was due by December 6, 2005.  The relevant method for computing time, however, is set forth in Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, which excludes weekends and legal holidays only when the period in question is less than eight days.  Nevertheless, McMillian's appeal to the District Court was untimely under either computation.

[2] We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1) and review the District Court's ruling de novo.  See Shareholders v. Sound Radio, Inc., 109 F.3d 873, 878 (3d Cir. 1997).  The District Court, relying on Shareholders, dismissed McMillian's appeal because it concluded that a failure to comply with the time limitation contained in Rule 8002 "creates a jurisdictional defect barring appellate review."  Id. at 879.  The Supreme Court has issued two opinions that might be read to call that characterization into question.  See Eberhart v. United States, 126 S. Ct. 403 (2005); Kontrick v. Ryan, 540 U.S. 443 (2004).  In each case, the Court held that a time limitation contained in a rule of court is not "jurisdictional," and thus can be forfeited, but is nevertheless mandatory and inflexible if a party properly invokes it.  See Eberhart, 126 S. Ct. at 405, 407 (analyzing Fed. R. Crim. P. 33); Kontrick, 540 U.S. at 454-56 (analyzing Fed. R. Bank. P. 4004).  There is no potential forfeiture in this case because appellee moved in the District Court to dismiss McMillian's appeal as untimely.  Thus, whether the time limitation prescribed by Rule 8002 is jurisdictional or not, the District Court properly applied it in this case.

OFFICE OF THE CLERK
# UNITED STATES COURT OF APPEALS

| | | |
|---|---|---|
| Marcia M. Waldron<br>Clerk | FOR THE THIRD CIRCUIT<br>21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4916 |

www.ca3.uscourts.gov

July 9, 2007

Mr. Peter T. Dalleo, Clerk
U.S. District Court for the District of Delaware
844 King Street
Lockbox 18
Wilmington, DE  19801

**RE: Docket No. 06-4450**
    **In Re: Trans World**
    **D.C. Civil No. 06-cv-00044**

Dear Mr. Dalleo:

   Enclosed is a certified copy of the judgment together with copy of the opinion in the above-entitled case. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   Kindly acknowledge receipt for same on the enclosed copy of this letter.

   Counsel are advised of the issuance of the mandate by copy of this letter.  A copy of the certified judgment is also enclosed showing costs taxed, if any.

                              Very truly yours,
                              MARCIA M. WALDRON
                              Clerk


                              /s/ Anthony Infante
                         By:  Anthony W. Infante
                              Case Manager


Enclosure

cc:
       James E. O'Neill III, Esq.
       Herbert McMillian